IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MITCHELL L. SAWYER,

      Plaintiff,

  v.

JO ANNE B. BARNHART,
Commissioner of Social Security

      Defendant.

No. 05-1590-MO

OPINION AND ORDER

**MOSMAN, J.,**

      Plaintiff Mitchell L. Sawyer brings this action for judicial review of a final decision of the Commissioner of Social Security denying his application for supplemental security income ("SSI") payments and social security disability insurance benefits ("DIB") pursuant to the Social Security Act. The court has jurisdiction under 42 U.S.C. § 405(g). The Commissioner's decision is affirmed.

## BACKGROUND

      Mr. Sawyer was born in 1961 and has a high school education. Tr.[1] at 61, 84.

---

[1] "Tr." refers to the official transcript of record submitted by the Commissioner on February 23, 2006.

PAGE 1 - OPINION AND ORDER

Mr. Sawyer has prior relevant work experience as a cook, bartender, groundskeeper, ride operator, and stock handler. Tr. at 79. Prior to filing for disability, Mr. Sawyer last worked for Target, unloading trailers in March 2002. *Id.*

On August 14, 2002, Mr. Sawyer filed for DIB and SSI. Tr. at 16. Mr. Sawyer's application was denied initially and on reconsideration. *Id.* On February 19, 2005, after a hearing, an administrative law judge ("ALJ") found Mr. Sawyer was neither entitled to DIB nor eligible for SSI. Tr. at 30. The Appeals Council denied Mr. Sawyer's request for review of the hearing decision. Tr. at 6-8. This appeal followed.

## **DISABILITY ANALYSIS**

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(a), 1382c(a)(3)(A). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The Commissioner has established a five-step sequential process for determining whether a person over the age of 18 is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520; 416.920.

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If he is, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i).

At step two, the Commissioner must determine whether the claimant has any "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41. The claimant will be found not disabled if the ALJ determines that he has no severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c). If the claimant has severe impairments, the ALJ must proceed to step three.

At step three, the Commissioner must determine whether the claimant has impairments that meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(a)(4)(iii), (d); 416.920(a)(4)(iii), (d). The criteria for these listed impairments, also called Listings, are enumerated in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments"). If the ALJ determines the claimant's impairments meet or equal a Listing, the Commissioner will find the claimant disabled without completing the remaining steps in the sequence.

If the adjudication proceeds beyond step three, the Commissioner must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained work-related activities the claimant can still do on a regular and continuing basis, despite the limitations imposed by her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(a); 416.920(e), 416.945(a); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (1996).

At step four, the claimant is not disabled if the Commissioner determines she retains the RFC to perform her past relevant work experience. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).

At step five, the Commissioner must determine whether the claimant can perform work that exists in the national economy. *Yuckert*, 482 U.S. at 142; 20 C.F.R. §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g). Here the burden shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can do. *Yuckert*, 482 U.S. at 146 n.5; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 420.920(g)(1).

## THE ALJ's FINDINGS

At step one, the ALJ found Mr. Sawyer had not engaged in substantial gainful activity at any time since the alleged onset date of March 9, 2002. Tr. at 29. At step two, the ALJ found Mr. Sawyer's status/post left leg injury and surgery were severe impairments under 20 C.F.R.

§§ 404.1520(c); 416.920(c).  *Id.*

At step three, the ALJ found Mr. Sawyer's physical and mental impairments, either individually or in combination, did not meet or medically equal any of the impairment Listings. Tr. 21-22, 29.  The ALJ determined Mr. Sawyer retained the RFC

> to perform light exertional work.  'Light exertional work' involves lifting no more than 20 pounds at a time with frequent lifting or carrying objects weighing up to 10 lbs.  The range of light exertion work activity he can do is also narrowed by non-exertional limitations.  He is unable to climb ladders, ropes or scaffolds.  He is limited to occasionally climb ramps and stairs. He is restricted to occasionally balance, stoop, kneel, crawl and crouch.  He will require a sit/stand option.  He must avoid walking on uneven ground.  He is limited to simple 1-2-3 steps work.  He should have limited interaction with the general public and coworkers.

Tr. at 23, 30.  At step four, the ALJ concluded Mr. Sawyer was unable to perform any of his past relevant work experience since March 9, 2002.  Tr. at 30.

At step five, the ALJ found Mr. Sawyer has been able to perform a significant number of jobs in the national economy since his alleged onset date through the present.  Tr. at 29. Specifically, the ALJ, based on the testimony of an impartial vocational expert ("VE"), found Mr. Sawyer has been able to perform the following work since his alleged onset date of disability:

> laundry folder, which is light exertion/unskilled work, and there are 930 in Oregon and 35,000 in the national economy; solderer, light/unskilled work, and there are 290 in Oregon and 11,000 in the national economy; companion, light/semi-skilled, and there are 2,300 and 189,000 in the national economy; and electronics assembler, sedentary/semi-skilled, and there re 13,000 in Oregon and 458,000 in the national economy.

*Id.*  The ALJ therefore found Mr. Sawyer has not been disabled since March 9, 2002.  Tr. at 30. The ALJ also found Mr. Sawyer not entirely credible, Tr. at 24, which Mr. Sawyer does not dispute.  Mr. Sawyer disputes the ALJ's findings at steps three and five.

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. *Batson*, 359 F.3d at 1193; *Andrews*, 53 F.3d at 1039-40.

**DISCUSSION**

Mr. Sawyer argues the ALJ erred at steps three and five of the disability analysis. At step three, Mr. Sawyer contends the ALJ's analysis of his condition was factually inaccurate, cursory, and inadequate. At step 5, Mr. Sawyer asserts two errors: (1) the ALJ failed to make findings regarding transferable skills; and (2) the ALJ failed to assess Mr. Sawyer's RFC in accord with the findings of Disability Determination Services ("DDS") doctors.

I.  The ALJ's Step Three Determination

Mr. Sawyer argues the ALJ erred under *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990), because he failed to consider whether Mr. Sawyer's status/post left leg injury and surgery meet or medically equal criteria listed for 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.06. The court disagrees.

If a claimant has an impairment or a combination of impairments that meets or equals a condition in the Listing of Impairments, the claimant is presumed disabled at step three and the ALJ need not make any specific findings regarding the claimant's ability to perform past relevant

work or any other jobs.  20 C.F.R. §§ 404.1520(a)(4)(iii), (d); 416.920(a)(4)(iii), (d).  The claimant bears the burden of producing medical evidence in order to establish the requisite medical findings.  *Yuckert*, 482 U.S. at 146 n.5.  Before concluding a claimant's impairments do not meet or equal a listed impairment, the ALJ must evaluate the relevant evidence.  *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).  A boilerplate finding is insufficient.  *See Marcia*, 900 F.2d at 176.

> I reviewed Section 1.00 of the Listing of Impairments, which describes the impairments of the musculoskeletal systems.  I find no treating of examining physician has reported findings similar in severity for any impairments of those described in the referred section of the Listing of Impairments.  Therefore, I find Mr. Sawyer's physical impairments, singly or in combination, do not meet or medically equal criteria in Appendix 1, Subpart P, Regulations Part 404.

Here, the ALJ's findings indicate he considered § 1.06 as part of his step three analysis.  The ALJ stated his findings as follows:

Tr. at 21.  The ALJ plainly states he reviewed Section 1.00 of the Listing of Impairments for musculoskeletal, which includes § 1.06.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00 (section 1.06 is a category of impairments under Section 1.00).  The ALJ's consideration of § 1.06 is further evidenced by the fact that he found Mr. Sawyer's impairments did not meet or medically equal "*any impairments of those described* in [Section 1.00] of the Listing of Impairments."  Tr. at 21 (emphasis added).  Section 1.06 is a specific category of impairments for fracture of the femur, tibia, pelvis, or one or more of the tarsal bones which falls under Section 1.00 of the Listing of Impairments for muscoskeletal impairments.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.00, 1.06.

Furthermore, the ALJ's discussion and summary of the medical evidence shows he considered whether Mr. Sawyer's impairments, either singularly or in combination, met or medically equaled §1.06.  *See Lombardo v. Schweiker*, 749 F.2d 565, 567 (9th Cir. 1984) (an ALJ's summarization of physicians' reports suggests he did not fail to consider the combined

PAGE 6 - OPINION AND ORDER

effect of a claimant's impairments).  In fact, the ALJ specifically referenced and discussed the x-rays Mr. Sawyer cites.  Tr. at 17-21, 434, 445, 546.  These x-rays show, as the ALJ stated, Mr. Sawyer's fractures had proximally completely healed and were satisfactorily healing distally with a showing of bridging.  Tr. at 19, 21, 434, 445, 546.  Mr. Sawyer's examination on November 21, 2002 also shows he was able to ambulate without crutches and tolerated ambulation without problem.  Tr. at 19.  This finding is supported by Dr. Pritchard, who found "there is no evidence that supports 'ineffective ambulation.'"  Mr. Sawyer has provided no other evidence that his status/post left leg injury and surgery equal a listing impairment.  *See Lewis*, 236 F.3d at 514 (claimant bears the burden to show his combined impairments medically equal a listed impairment).

Accordingly, this court finds the ALJ appropriately based his findings upon the medical record and sufficiently summarized the evidence sufficient in considering whether Mr. Sawyer met the listing standards in combination.

II.     The ALJ's Step Five Determination

At step five, Mr. Sawyer argues the ALJ failed to make findings regarding transferable skills and to assess Mr. Sawyer's RFC in accordance with the findings of DDS.

A.      Transferable Skills

Mr. Sawyer contends the ALJ erred by finding he could perform semi-skilled jobs because the ALJ did not take any testimony regarding the transferability of job skills and made no such findings.  As a result, the VE's identification of two semi-skilled jobs, companion and electronics assembler, are not supported by substantial evidence.  Mr. Sawyer does not challenge the ALJ's determination of his ability to perform light exertion/unskilled work as a laundry folder and light/unskilled work as a solderer.  Agreeing with Mr. Sawyer's assertion and conceding error, the Commissioner argues such error was harmless.  The court agrees and finds the ALJ's error was harmless.

An ALJ's decision will not be reversed for errors that are harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). A reviewing court is restricted to the review the reasons for denial of benefits asserted by the ALJ, *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003), and cannot affirm the decision of the ALJ on a ground the ALJ did not consider or invoke in making his decision. *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). The court must decline to affirm the denial of benefits on a ground not originally invoked by the ALJ. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

Here, it is undisputed that the ALJ failed to take any testimony regarding the transferability of job skills and to make any findings on the subject. However, the ALJ did find Mr. Sawyer is able to perform the jobs of laundry folder, which is light exertion/unskilled work, and solderer, which is light/unskilled work. The ALJ further found there are 930/35,000 laundry jobs for laundry folder and 290/11,000 jobs for solderer in the local economy/national economy. Excluding the semi-skilled jobs because the ALJ failed to take any testimony or make any findings, the remaining 1220/46,000 unskilled jobs still fall within the parameters of significant numbers required to support the ALJ's finding that Mr. Sawyer is not disabled within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423(d)(2)(A), 1282c(a)(3)(B) (an individual is not disabled if he is able to perform work that exists in significant numbers in region where claimant lives); *Barker v. Sec'y of Health & Human Servs.*, 882 F.2d 1474, 1478-79 (9th Cir. 1989) (holding 1266 jobs constitutes a significant number of jobs claimant could perform to support the ALJ's finding that claimant was not disabled under the Social Security Act). Accordingly, the ALJ's determination that Mr. Sawyer can perform a significant number of jobs under the Social Security Act and is, therefore, not disabled is supported by substantial evidence. *Id*. at 1479-80.

B.   RFC

Mr. Sawyer also asserts the ALJ's RFC exceeds the limits assessed by DDS.  The court disagrees.  A review of the record demonstrates the ALJ's RFC assessment is supported by the medical evidence.  The ALJ noted he had considered the DDS medical consultants and generally agreed with their assessed limitations.  Tr. at 28; *See* SSR 96-6p, 1996 WL 374180 (1996) (ALJ may not ignore DDS and must explain weight given such opinions).  In fact, the ALJ incorporated several of DDS' assessed limitations, including a stand/sit option and Mr. Sawyer's ability to perform light work.  Tr. at 475-79.

The court also rejects Mr. Sawyer's assertion that the hypothetical posed to the VE was incomplete.  An ALJ may rely on a VE's response to a series of hypotheticals to determine whether the claimant is capable of gainful employment.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).  The hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations.  *Id.*  Here, the ALJ's hypotheticals were based on medical assumptions supported by substantial evidence in the record.  The ALJ's findings that Mr. Sawyer could occasionally climb stairs, inclines, bend, stoop, kneel, crouch, and even crawl are supported by several doctors.  Tr. 499-503, 522-531.  The ALJ's findings that Mr. Sawyer can stand or walk with a sit/stand option is also supported by substantial evidence within the record.  Tr. at 475-79.  Furthermore, Mr. Sawyer was permitted to pose his own hypothetical to the VE, which included several other limitations.

Mr. Sawyer's contention that he is limited to working for a supportive and not overly harsh supervisor is also rejected.  This is a mischaracterization of the evidence.  The report Mr. Sawyer cites for that alleged limitation states only he "can respond to supportive lay supervision (not overly critical/harsh)."  This is not a limitation that should have been presented to the VE.

## **CONCLUSION**

The Commissioner's final decision that Mr. Sawyer is not entitled to DIB nor eligible for SSI under the Social Security Act is based on correct legal standards and supported by substantial evidence. The Commissioner's final decision is therefore affirmed.

IT IS SO ORDERED.


DATED this   28th   day of November, 2006.


                                         /s/ Michael W. Mosman
                                         MICHAEL W. MOSMAN
                                         United States District Court